IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

MARVIN ALLEN MEAD,

    Plaintiff,

vs.

CHARLES PALMER, JASON SMITH, BARD WITTROCK AND BOB STOUT,

    Defendants.

No. 13-CV-4067-DEO

INITIAL REVIEW ORDER

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Marvin Mead's [hereinafter Mr. Mead] Motion for Leave to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and 42 U.S.C. Section 1983 Complaint. Mr. Mead is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited August 7, 2013.

meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited August 7, 2013.

considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), cert. denied <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also <u>Kansas v. Hendricks</u>, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

<u>Id.</u> at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the following statements: (1) statement of the nature of the

---

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

3

action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Mr. Mead's application substantially meet the above requirements.[4] Mr. Mead's Motion to Proceed in Forma Pauperis is **granted**. **The Clerk of Court shall file Mr. Mead's Complaint. No filing fee will be assessed**.

However, once any portion of a filing fee is waived, a court must dismiss the case if a the Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

---

[4] The Court is aware that Mr. Mead's application is not notarized. It is unclear that CCUSO patients have regular access to a notary. Accordingly, the Court will direct Counsel to file an amended application to proceed in forma pauperis, along with an amended Complaint, which comport with all the technical requirements.

entitled to relief." A document filed pro se "is to be liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976) and "a pro se complaint, however inartfully plead, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. citing Cf. Fed. Rule Civ. Proc. 8(f) stating "[a]ll pleadings shall be so construed as to do substantial justice." See also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it

5

has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

Mr. Mead's Complaint raises one primary issue. He argues that the Defendants have violated his constitutional right "to practice his religion for the past two years because the Plaintiffs herein have refused to provide a minister of the Plaintiffs faith to minister to him in a Sunday service as the Plaintiff has requested." Docket #1, p. 4.

**V. ANALYSIS**

In Youngberg v. Romeo, 457 U.S. 307 (1982), the Supreme Court of the United States held that the Fourteenth Amendment

6

of the United States Constitution determines the rights of individuals who have been involuntary committed to a facility. Id. at 312. Although residents at state institutions do have constitutionally protected interests, these rights must be balanced against the reasons put forth by the State for restricting their liberties. Id. at 321. Inmates clearly retain their First Amendment right to free exercise of religion in prison, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). It is obvious then that civil detainees also retain their First Amendment Rights.

In Turner v. Safley, 482 U.S. 78 (1987), the Court found that a prison regulation infringing on an inmate's constitutional rights is valid so long as it is reasonably related to a legitimate penological interest. Id. at 89. The Court also recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Id.

Although the Eight Circuit has not addressed the issue, Courts have applied Turner in analyzing constitutional claims by civilly committed sexually violent predators. See Thompson v. Vilsack, 328 F. Supp. 2d 974 (S.D. Iowa 2004) (Judge Pratt applied Turner to a claim that co-payment for Kosher meals

7

violated civilly committed sexual predator's First Amendment rights); See also Rivera v. Rogers, 2006 WL 1455789 (D. N.J. 2006) (applying Turner in analyzing claims of SVPs that opening of their packages violated their First Amendment rights); Willis v.. Smith, 2005 WL 550528 (N.D. Iowa 2005) (Magistrate Zoss) (noting that status of SVPs was substantially similar to that of prisoners and applying Turner to SVP claims concerning mail handling procedures); Gilmore v. Kansas, 2004 WL 2203458 (D. Kan. Sept. 27, 2004) (noting Turner standard in regard to claims of denial of razors, lighters, electricity, use of a washer and dryer, and freedom to move about the facility); see also Hydrick v. Hunter, 449 F.3d 978 (9th Cir. 2006) ( stating that "[a]s is the case with prisoners, civilly committed persons certainly retain those First Amendment rights not inherently inconsistent with the circumstances of their detention.").

Accordingly, this Court should analyze a civil detainee's free exercise complaint under the Turner framework. "A discussion of constitutional violations in a prison setting requires a two-step analysis. First, [the court] must determine whether the liberty interest asserted by an inmate is an interest protected by the Constitution. If [the court]

find[s] a protected liberty interest exists, [the court] must balance this interest against a State's interest in prison safety and security." Goff v. Harper, 235 F.3d 410, 413-14 (8th Cir. 2000) judgment reinstated, 96-1018, 2002 WL 34541628 (8th Cir. Jan. 15, 2002) "Under Turner, a prison regulation that impinges on inmates' constitutional rights ... is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89.

"Turner employs a four-factor test to resolve this inquiry: (1) whether there is a rational relationship between the regulation and the legitimate government interest advanced; (2) whether the inmates have available alternative means of exercising the right; (3) the impact of the accommodation on prison staff, other inmates, and the allocation of prison resources generally; and (4) whether there are ready alternatives to the regulation. Freeman v. Texas Dept. of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004) (internal citations omitted).

It is beyond dispute that the right to free exercise of religion is protected by the constitution and that protection extends to civilly committed sexually violent predators at CCUSO. Accordingly, the ultimate merits of Mr. Mead's claim

9

must be considered under the four factors articulated in the Turner case discussed above.

Because the Court is unfamiliar with the regulations employed by CCUSO regarding religious services and patient's access to them, the Court cannot say with certainty that CCUSO is appropriately applying the Turner factors in determining if Mr. Mead should have access to a minister. As will be discussed in greater detail below, Mr. Mead already has a 1983 case pending against CCUSO, and the Court is persuaded that case consolidation is appropriate. The Court will not consider or dismiss Mr. Mead's complaint on its merits at the initial review phase. Rather, the Court will allow the attorneys in the pending case to address the new free exercise claims brought by Mr. Mead. Accordingly, Mr. Mead's Complaint will be allowed to proceed.

**VI. MOTION TO APPOINT COUNSEL AND CONSOLIDATION**

28 U.S.C. §1915(e)(1) provides that appointment of counsel for a person unable to afford counsel is within this Court's discretion. The Court notes that Mr. Mead already has a §1983 case pending against CCUSO, 13-CV-4017, in which Mr. Mead alleges that CCUSO violated his constitutional rights by denying him appropriate medical care. That case was filed on

February 7, 2013.  On February 14, 2013, this Court entered an Initial Review Order allowing Mr. Mead's claim to proceed and appointing Pamela Wingert as Mr. Mead's attorney.  13-CV-4017, Docket #2.  In that case, the Defendant's filed an Answer on March 21, 2013, and a Scheduling Order was entered on June 28, 2013.  Pursuant to that Scheduling Order, the Defendant filed a Motion for Summary Judgment on July 31, 2013.  Docket #11.

According to Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42.  "[C]onsolidation pursuant to Rule 42(a) is permissive and vests a purely discretionary power in the district court...In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."  Pigott v. Sanibel Dev., LLC, 2007 WL 3245019 (S.D. Ala. 2007).

It is clear to this Court that Mr. Mead's present case

involves common legal and factual issues with 13-CV-4017. Specifically, both cases involve Mr. Mead and his confinement at CCUSO. In both cases, Mr. Mead alleges that Defendants Palmer and Smith have violated his constitutionally protected rights. Additionally, there is little risk of prejudice as a result of this consolidation since 13-CV-4017 was recently filed and is still in the early stage of litigation. Moreover, the interest of Court utility weighs strongly in favor of consolidation. It simply makes sense to consolidate cases filed by the same Plaintiff against the same Defendants. Accordingly, this case will be consolidated with 13-CV-4017-DEO.[5] Attorney Pamela Wingert has already been appointed to represent Mr. Mead in that case. Ms. Wingert will take over representation of Mr. Mead regarding the present issues after the cases have been consolidated. There is no need for the Court to appoint additional counsel.

---

[5] Pursuant to this Order, the pending deadlines in 13-CV-4017-DEO are **suspended**. <u>The Court directs Magistrate Judge Strand to conduct a status conference hearing to establish new deadlines for the filing of an amended complaint to include all issues, if appropriate, and to allow Defendant an opportunity to respond to the new issues in an amended complaint, if appropriate, and/or modify the pending Motion for Summary Judgment accordingly</u>.

**VII. CONCLUSION**

For the reasons set out above, Mr. Mead's application to proceed in forma pauperis is **granted**. The Clerk of Court will file Mr. Mead's Complaint, and no filing fee will be assessed. The Clerk of Court shall serve the filed complaint, by certified mail, in accordance with the attached service forms. The Clerk will consolidate this case with 13-CV-4017-DEO. Mr. Mead's Motion to Appoint Counsel is **denied as moot**, and Ms. Pamela Wingert will represent Mr. Mead on the consolidated case. All future pleading must be filed through appointed counsel. The deadlines pending in 13-CV-4017-DEO are suspended. The Court directs Magistrate Judge Strand to conduct a status conference hearing to establish new deadlines for the filing of an amended complaint to include all issues, if appropriate, and to allow Defendant an opportunity to respond to the new issues in an amended complaint, if appropriate, and/or modify the pending Motion for Summary Judgment accordingly.

**IT IS SO ORDERED** this 9th day of August, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

# NOTICE OF LAWSUIT
## and REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| **MARVIN ALLEN MEAD**, | |
| Plaintiff, | **No. 13-CV-4067-DEO** |
| v. | |
| **CHARLES PALMER, et al.**, | |
| Defendant. | |

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _August 9, 2013_.

I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _August 9_, 2013.

/s/ djs, Deputy Clerk
Signature (Clerk's Office Official)
Northern District of Iowa

## ACKNOWLEDGMENT OF RECEIPT OF
## NOTICE OF LAWSUIT,
## and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after \_\_\_\_August 9, 2013\_\_\_\_, to the United States Clerk's Office in the envelope provided.)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| **MARVIN ALLEN MEAD,** | |
| Plaintiff, | No. 13-CV-4067-DEO |
| v. | |
| **CHARLES PALMER, et al.,** | |
| Defendants.. | |

_____

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_August 9, 2013\_\_\_, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later).

Date _____  Signature _____
                         Printed name _____
                         As _____ of _____
                              (Title)               (Entity)

**Address Form**

Case Number: 13-CV-4067-DEO          Date: August 9, 2013

To:    Clerk of Court
RE:   Service on Named Defendants

      Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:    **ALL DEFENDANTS**
**c/o Civil Commitment Unit for Sexual Offenders**
**1251 West Cedar Loop**
**Cherokee, Iowa 51012**

**Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**